# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| EARL RODENBERGER and SUSAN McMULLEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:16-cv-5239 ) |
| YRC, INC. d/b/a YRC FREIGHT, INC., a Delaware Corporation, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, PETRE VASSEV, individually, ABS COURIERS, INC., an Illinois Corporation, by and through its authorized agents and employees, including but not limited to BOLESLAWSKI BUNCLER, and BOLESLAWSKI BUNCLER, individually, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COME the plaintiffs, EARL RODENBERGER and SUSAN McMULLEN, by and through their attorneys, McNABOLA LAW GROUP, P.C., and complaining against the defendants, YRC, INC. d/b/a YRC FREIGHT, INC., a Delaware Corporation, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, PETRE VASSEV, individually, ABS COURIERS, INC., an Illinois Corporation by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, and BOLESLAWSKI BUNCLER, individually, and state as follows:

## PARTIES

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

2. The plaintiff, SUSAN McMULLEN, is a citizen of the State of Wisconsin.

3. The plaintiff, EARL RODENBERGER, is a citizen of the State of Pennsylvania.

1

4. The defendant, PETRE VASSEV, is a citizen of the State of Illinois.

5. The defendant, PETRE VASSEV, was a semi-truck driver employed by YRC, INC. on June 19, 2014 and all other relevant times.

6. YRC, INC. d/b/a YRC FREIGHT, INC. (herein "YRC") is a corporation incorporated under the laws of the State of Delaware.

7. YRC is headquartered at 10990 Roe Avenue, City of Overland Park, County of Johnson, State of Kansas.

8. YRC conducts business in the State of Illinois from its principal place of business at 780 West Birchwood, Village of Morton, County of Tazewell, State of Illinois.

9. At all material times, the defendant, YRC, was and is an interstate motor carrier.

10. BOLESLAWSKI BUNCLER is a citizen of the State of Illinois.

11. The defendant, BOLESLAWSKI BUNCLER, was a semi-truck driver employed by ABS COURIERS, INC. on June 19, 2014 and all other relevant times.

12. ABS COURIERS, INC. (herein "ABS") is a corporation incorporated under the laws of the State of Illinois.

13. ABS has its principal place of business at 960 Sivert Drive, Township of Wood Dale, County of DuPage, State of Illinois.

14. At all material times, the defendant, ABS, was and is an interstate motor carrier.

15. The amount in controversy in this case exceeds the minimum jurisdictional amount of $75,001.00.

## FACTS COMMON TO ALL COUNTS

16. On and before June 19, 2014, Interstate 80 East was a two-way interstate highway running in an east/west direction at or near mile marker 119.7 in the Town of Lima, County of LaGrange, State of Indiana.

17. On June 19, 2014, the plaintiff, EARL RODENBERGER, operated a motor vehicle traveling eastbound on Interstate 80 East at or near mile marker 119.7 in the Town of Lima, County of LaGrange, State of Indiana.

18. On June 19, 2014, the plaintiff, SUSAN McMULLEN, was a passenger in the motor vehicle operated by EARL RODENBERGER on Interstate 80 East at or near mile marker 119.7 in the Town of LaGrange, County of LaGrange, State of Indiana.

19. At all times relevant, the defendant, PETRE VASSEV, was acting as an employee of YRC.

20. At all times relevant, the defendant, PETRE VASSEV, was acting as an actual agent of YRC.

21. At all times relevant, the defendant, PETRE VASSEV, was acting as an apparent agent of YRC.

22. On June 19, 2014, the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, owned, operated, managed, maintained and/or controlled a commercial motor vehicle traveling eastbound on Interstate 80 East at or near mile marker 119.7 in the Town of LaGrange, County of LaGrange, State of Indiana.

23. On June 19, 2014, the commercial motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, was traveling from a terminal in Wheeling, Illinois owned, operated, managed, maintained and/or controlled by the defendant YRC, by and through its authorized agents and employees.

24. On June 19, 2014, the commercial motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, was traveling to a terminal in South Bend, Indiana owned, operated, managed, maintained and/or controlled by the defendant YRC, by and through its authorized agents and employees.

25. At all times relevant, the defendant, BOLESLAWSKI BUNCLER, was acting as an employee of ABS.

26. At all times relevant, the defendant, BOLESLAWSKI BUNCLER, was acting as an actual agent of ABS.

27. At all times relevant, the defendant, BOLESLAWSKI BUNCLER, was acting as an apparent agent of ABS.

28. On June 19, 2014, the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, owned, operated, managed, maintained and/or controlled a commercial motor vehicle traveling eastbound on Interstate 80 East at or near mile marker 119.7 in the Town of Lima, County of LaGrange, State of Indiana.

29. On June 19, 2014, the motor vehicle then and there being operated by EARL RODENBERGER was stopped in traffic waiting for road clearance from an earlier collision.

30. On June 19, 2014, the commercial motor vehicle owned, operated, controlled and/or managed by the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, came into a violent collision with the commercial motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, causing the commercial motor vehicle owned, operated, managed, maintained and/or controlled by the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, to come into violent contact with the motor vehicle then and there being operated by the plaintiff, EARL RODENBERGER.

**COUNT I – NEGLIGENCE: EARL RODENBERGER AGAINST YRC, INC.**

1-30. Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as paragraphs one (1) through thirty (30) of Count I.

31. At all times relevant, the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, owed a duty of reasonable care to members of the public including the plaintiff, EARL RODENBERGER, in the operation of a commercial motor vehicle.

32. On June 19, 2014, the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, was negligent in one or more of the following ways:

    a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the motor

5

vehicle behind the vehicle then and there being operated by the plaintiff causing it to come into violent contact with the vehicle then and there being operated by the plaintiff;

b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

e. Carelessly and negligently failed to equip said commercial motor vehicle with adequate brakes;

f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being driven by EARL RODENBERGER;

h. Carelessly and negligently failed to exercise due care;

i. Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

j. Failed to investigate PETRE VASSEV's background in operating commercial motor vehicles;

k. Carelessly and negligently hired PETRE VASSEV to act as a commercial motor vehicle driver;

l. Negligently entrusted PETRE VASSEV to drive a commercial motor vehicle; and/or

m. Failed to properly supervise PETRE VASSEV.

33. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, YRC, by and through its authorized agent and employee, including but not limited to PETRE VASSEV, the plaintiff, EARL RODENBERGER, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EARL RODENBERGER, demands judgment against the defendant, YRC, INC. d/b/a YRC FREIGHT, INC., a Delaware Corporation, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, in an amount in excess of the jurisdictional limit SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

## **COUNT II – NEGLIGENCE: EARL RODENBERGER AGAINST PETRE VASSEV**

1-30. Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as paragraphs one (1) through thirty (30) of Count II.

31. At all times relevant, the defendant, PETRE VASSEV, individually, owed a duty of reasonable care to members of the public including the plaintiff, EARL RODENBERGER, in the operation of a motor vehicle.

32. On June 19, 2014, the defendant, PETRE VASSEV, individually, was negligent in one or more of the following ways:

   a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the motor vehicle behind the vehicle then and there being operated by the plaintiff causing it to come into violent contact with the vehicle then and there being operated by the plaintiff;

   b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

    c.        Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

    d.        Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

    e.        Carelessly and negligently failed to equip said vehicle with adequate brakes;

    f.        Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

    g.        Carelessly and negligently failed to yield the right-of-way to motor vehicle being driven by EARL RODENBERGER;

    h.        Carelessly and negligently failed to exercise due care;

    i.        Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

33.        As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, PETRE VASSEV, individually, the plaintiff, EARL RODENBERGER, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EARL RODENBERGER, demands judgment against the defendant, PETRE VASSEV, in an amount in excess of the jurisdictional limit of SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

### COUNT III – NEGLIGENCE: EARL RODENBERGER AGAINST ABS COURIERS, INC.

1-30.    Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as paragraphs one (1) through thirty (30) of Count III.

31. At all times relevant, the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, owed a duty of reasonable care to members of the public including the plaintiff, EARL RODENBERGER, in the operation of a commercial motor vehicle.

32. On June 19, 2014, the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, was negligent in one or more of the following ways:

   a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the vehicle then and there being operated by the plaintiff;

   b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

   c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

   d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

   e. Carelessly and negligently failed to equip said commercial motor vehicle with adequate brakes;

   f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

   g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being driven by EARL RODENBERGER;

   h. Carelessly and negligently failed to exercise due care;

   i. Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

   j. Failed to investigate BOLESLAWSKI BUNCLER's background in operating commercial motor vehicles;

    k.    Carelessly and negligently hired BOLESLAWSKI BUNCLER to act as a commercial motor vehicle driver;

    l.    Negligently entrusted BOLESLAWSKI BUNCLER to drive a commercial motor vehicle; and/or

    m.    Failed to properly supervise BOLESLAWSKI BUNCLER.

33.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, ABS, by and through its authorized agent and employee, including but not limited to BOLESLAWSKI BUNCLER, the plaintiff, EARL RODENBERGER, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EARL RODENBERGER, demands judgment against the defendant, ABS COURIERS, INC., a Illinois Corporation, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, in an amount in excess of the jurisdictional limit SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

### COUNT IV – NEGLIGENCE: EARL RODENBERGER AGAINST BOLESLAWSKI BUNCLER

1-30.    Plaintiff incorporates paragraphs one (1) through thirty (39) of this Complaint as paragraphs one (1) through thirty (30) of Count IV.

31.    At all times relevant, the defendant, BOLESLAWSKI BUNCLER, individually, owed a duty of reasonable care to members of the public including the plaintiff, EARL RODENBERGER, in the operation of a motor vehicle.

32.    On June 19, 2014, the defendant, BOLESLAWSKI BUNCLER, individually, was negligent in one or more of the following ways:

    a.    Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the vehicle then and there being operated by the plaintiff;

    b.    Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

    c.    Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

    d.    Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

    e.    Carelessly and negligently failed to equip said vehicle with adequate brakes;

    f.    Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

    g.    Carelessly and negligently failed to yield the right-of-way to motor vehicle being driven by EARL RODENBERGER;

    h.    Carelessly and negligently failed to exercise due care;

    i.    Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

33.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, BOLESLAWSKI BUNCLER, individually, the plaintiff, EARL RODENBERGER, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, EARL RODENBERGER, demands judgment against the defendant, BOLESLAWSKI BUNCLER, individually, in an amount in excess of the jurisdictional limit of SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

### COUNT V– NEGLIGENCE: SUSAN McMULLEN AGAINST YRC, INC.

1-30.    Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as paragraphs one (1) through thirty (30) of Count V.

31. At all times relevant, the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, owed a duty of reasonable care to members of the public including the plaintiff, SUSAN McMULLEN, in the operation of a motor vehicle.

32. On June 19, 2014, the defendant, YRC, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, was negligent in one or more of the following ways:

   a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the motor vehicle behind the vehicle then and there being operated by the plaintiff causing it to come into violent contact with the vehicle then and there being operated by the plaintiff;

   b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

   c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

   d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

   e. Carelessly and negligently failed to equip said vehicle with adequate brakes;

   f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

   g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being occupied by SUSAN McMULLEN;

   h. Carelessly and negligently failed to exercise due care;

   i. Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

   j. Failed to investigate PETRE VASSEV's background in operating commercial

motor vehicles;

k. Carelessly and negligently hired PETRE VASSEV to act as a commercial motor vehicle driver;

l. Negligently entrusted PETRE VASSEV to drive a commercial motor vehicle; and/or

m. Failed to properly supervise PETRE VASSEV.

33. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, YRC, by and through its authorized agent and employee, including but not limited to PETRE VASSEV, the plaintiff, SUSAN McMULLEN, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, SUSAN McMULLEN, demands judgment against the defendant, YRC, INC. d/b/a YRC FREIGHT, INC., a Delaware Corporation, by and through its authorized agents and employees, including but not limited to, PETRE VASSEV, in an amount in excess of the jurisdictional limit SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

### COUNT VI – NEGLIGENCE: SUSAN McMULLEN AGAINST PETRE VASSEV

1-30. Plaintiff incorporates paragraphs one (1) through thirty (39) of this Complaint as paragraphs one (1) through thirty (30) of Count VI.

31. At all times relevant, the defendant, PETRE VASSEV, individually, owed a duty of reasonable care to members of the public including the plaintiff, SUSAN McMULLEN, in the operation of a motor vehicle.

32. On June 19, 2014, the defendant, PETRE VASSEV, individually, was negligent in one or more of the following ways:

13

a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the motor vehicle behind the vehicle then and there being operated by the plaintiff causing it to come into violent contact with the vehicle then and there being operated by the plaintiff;

b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

e. Carelessly and negligently failed to equip said vehicle with adequate brakes;

f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being occupied by SUSAN McMULLEN;

h. Carelessly and negligently failed to exercise due care;

i. Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

33. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, PETRE VASSEV, individually, the plaintiff, SUSAN McMULLEN, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, SUSAN McMULLEN, demands judgment against the defendant, PETRE VASSEV, individually, in an amount in excess of the jurisdictional limit of SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

**COUNT VII – NEGLIGENCE: SUSAN McMULLEN AGAINST ABS COURIERS, INC.**

1-30. Plaintiff incorporates paragraphs one (1) through thirty (30) of this Complaint as paragraphs one (1) through thirty (30) of Count VII.

31. At all times relevant, the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, owed a duty of reasonable care to members of the public including the plaintiff, SUSAN McMULLEN, in the operation of a commercial motor vehicle.

32. On June 19, 2014, the defendant, ABS, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, was negligent in one or more of the following ways:

a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the vehicle then and there being operated by the plaintiff;

b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

e. Carelessly and negligently failed to equip said commercial motor vehicle with adequate brakes;

f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being occupied by SUSAN McMULLEN;

h. Carelessly and negligently failed to exercise due care;

      i.      Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

      j.      Failed to investigate BOLESLAWSKI BUNCLER's background in operating commercial motor vehicles;

      k.      Carelessly and negligently hired BOLESLAWSKI BUNCLER to act as a commercial motor vehicle driver;

      l.      Negligently entrusted BOLESLAWSKI BUNCLER to drive a commercial motor vehicle; and/or

      m.      Failed to properly supervise BOLESLAWSKI BUNCLER.

33. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, ABS, by and through its authorized agent and employee, including but not limited to BOLESLAWSKI BUNCLER, the plaintiff, SUSAN McMULLEN, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, SUSAN McMULLEN, demands judgment against the defendant, ABS COURIERS, INC., a Illinois Corporation, by and through its authorized agents and employees, including but not limited to, BOLESLAWSKI BUNCLER, in an amount in excess of the jurisdictional limit SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

## COUNT VIII – NEGLIGENCE: SUSAN McMULLEN AGAINST BOLESLAWSKI BUNCLER

1-30. Plaintiff incorporates paragraphs one (1) through thirty (39) of this Complaint as paragraphs one (1) through thirty (30) of Count VIII.

31. At all times relevant, the defendant, BOLESLAWSKI BUNCLER, individually, owed a duty of reasonable care to members of the public including the plaintiff, SUSAN McMULLEN, in the operation of a motor vehicle.

16

32. On June 19, 2014, the defendant, BOLESLAWSKI BUNCLER, individually, was negligent in one or more of the following ways:

 a. Carelessly and negligently operated, owned, managed, maintained, and/or controlled, and drove a commercial motor vehicle into a collision with the vehicle then and there being operated by the plaintiff;

 b. Carelessly and negligently operated its commercial motor vehicle without keeping proper lookout;

 c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper with regard to traffic conditions, or which endangered the safety of persons;

 d. Carelessly and negligently failed to decrease speed so as to avoid colliding with another vehicle;

 e. Carelessly and negligently failed to equip said vehicle with adequate brakes;

 f. Carelessly and negligently failed to give audible warning with its horn when such warning was reasonably necessary to insure safety;

 g. Carelessly and negligently failed to yield the right-of-way to motor vehicle being occupied by SUSAN McMULLEN;

 h. Carelessly and negligently failed to exercise due care;

 i. Carelessly and negligently inspected, serviced, or otherwise mechanically maintained the commercial motor vehicle, by and through its authorized agents and employees, at the facility located at its principal place of business.

33. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, BOLESLAWSKI BUNCLER, the plaintiff, SUSAN McMULLEN, suffered damages of a personal and pecuniary nature.

WHEREFORE, the plaintiff, SUSAN McMULLEN, demands judgment against the defendant, BOLESLAWSKI BUNCLER, in an amount in excess of the jurisdictional limit of SEVENTY-FIVE THOUSAND AND ONE ($75,001.00) DOLLARS AND 00/100.

/s/Edward W. McNabola

_____

Edward W. McNabola

Edward W. McNabola, Esq.
**MCNABOLA LAW GROUP, P.C.**
55 W. Wacker Drive - 9th Floor
Chicago, IL 60601
312-629-2900
ARDC#: 6211511
ted@mcnabolalaw.com